IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDIBERTO CABRERA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER DEE, et al.,<br><br>　　　　　Defendants.<br>_____ | No. C 11-2676 JSW (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, an inmate at the Santa Clara County Jail proceeding pro se, filed this rights action pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* in a separate order. The Court now reviews the complaint and dismisses with leave to amend.

## DISCUSSION

I.　Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed.

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II.    Legal Claims

Plaintiff alleges that he was placed in "protective custody" at the Santa Clara County Jail without a hearing or any opportunity to present evidence why he should not be placed there. Changes in conditions of confinement may amount to a violation of an inmate's liberty interest protected by due process and requiring certain procedural protections provided that (1) there are state statutes or regulations narrowly restricting the power of officials to impose the change, i.e., give the inmate a right to avoid it, and (2) the change in question is one of "real substance. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Generally, "real substance" will be limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary

incidents of prison life," *id.* at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id.* at 487.

After *Sandin*, allegations by a prisoner that he was denied due process in connection with the decision to separate him from other prisoners do not present a constitutionally cognizable claim, absent a showing that the change in the conditions he faced meets the "real substance" test. See, e.g., May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (mere placement in administrative segregation not enough to state claim after *Sandin*). *Sandin* requires a factual comparison between conditions in the plaintiff's former status and his new status, examining the hardship caused by the challenged action in relation to the basic conditions of life as a prisoner. *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003).

Here, Plaintiff has not alleged what changes in the conditions of his confinement were caused by his placement in protective custody, let alone that such changes caused sufficient hardship to be of "real substance" under *Sandin*. Plaintiff has therefore not stated a cognizable claim for the violation of his right to due process, and he will be granted leave to file an amended complaint in which he makes such allegations, provided he can do so in good faith.

Plaintiff has also not alleged whether he is a pretrial detainee or whether he has already been convicted. This fact is important because the due process inquiry is different if he has not yet been convicted. Specifically, a court presented with a procedural due process claim by a pretrial detainee should first ask if the alleged deprivation amounts to punishment and therefore implicates the Due Process Clause itself. *Bell v. Wolfish*, 441 U.S. 520, 537-38 (1979) (discussing tests traditionally applied to determine whether governmental acts are punitive in nature). If the deprivation does not amount to punishment, then the court must look to see if state laws or regulations provide the interest. "A state law must satisfy two requirements in order to create a liberty interest protected by the Constitution. First, the law must set forth "'substantive predicates' to govern official decision making" and, second, it must contain "explicitly

1  mandatory language," i.e., a specific directive to the decisionmaker that mandates a
2  particular outcome if the substantive predicates have been met. *Kentucky Dep't of*
3  *Corrections v. Thompson*, 490 U.S. 454, 462-63 (1989)." *Valdez v. Rosenbaum*, 302
4  F.3d 1039, 1044 n.3 (9th Cir. 2002). If the alleged deprivation does not amount to
5  punishment and there is no state statute or regulation from which the interest could arise,
6  no procedural due process claim is stated and the claim should be dismissed. *Meachum*
7  *v. Fano*, 427 U.S. 215, 223-27 (1976) (interests protected by due process arise from Due
8  Process Clause itself or from laws of the states). In his amended complaint, Plaintiff
9  must clarify whether he was a pretrial detainee or whether he had already been convicted
10 at the time of his placement in protective custody.

   Plaintiff's allegations that the administrative grievance system at the jail is
11 inadequate does not state a cognizable claim for relief because there is no constitutional
12 right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334
13 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). This
14 claim will be dismissed without leave to amend.

## CONCLUSION

17 1. The complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall
18 file an amended complaint that corrects the deficiencies described above within ***thirty***
19 ***(30) days from the date this order is filed***. The amendment must include the caption and
20 civil case number used in this order (Case No. C 11-2676 JSW (PR)) and the words
21 "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an
22 amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*,
23 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the
24 original or amended complaints by reference. <u>Failure to amend within the designated</u>
25 <u>time and in accordance with this order will result in the dismissal of this action</u>.
26 //
27 //
28

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: July 15, 2011

JEFFREY S. WHITE
United States District Judge

|||
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE |
| | NORTHERN DISTRICT OF CALIFORNIA |

EDEBERTO CABRERA,

        Plaintiff,

  v.

OFC DEE et al,

        Defendant.
_____/

Case Number: CV11-02676 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 15, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ediberto Cabrera
885 N. San Pedro Street
DTY 532 07048290
San Jose, CA 95110

Dated: July 15, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk